REEVES v. CHAMBERS ET AL.

1. **Principal and Surety:** ACTION AGAINST: RIGHT TO PLEAD CLAIM OF PRINCIPAL ALONE AS COUNTER-CLAIM. A surety may be set up any defense that would be available to his principal, and so the principal and surety, when sued on their obligation, may set up as a counter-claim any demand which the principal, if sued alone, might plead as a counter-claim. Section 2659 of the Code does not apply to such a case.

*Appeal from Guthrie Circuit Court.*

TUESDAY, OCTOBER 6.

THIS is an action upon an injunction bond. It appears that the defendant R. P. Chambers brought an action against the plaintiff to enjoin him from entering upon certain land belonging to Chambers, or from operating and opening a coal mine thereon. A temporary injunction was issued, and a bond given, which the defendant Job Chambers signed as surety. The injunction was dissolved, pending the action, and the

action was afterwards tried, and there was a judgment rendered for the defendant therein. This action was brought upon the injunction bond. The defendants set up a counter-claim, in which it was alleged that the plaintiff herein was indebted to R. P. Chambers in the sum of $240, for failure to pay royalty on coal mined, and for failure to work the mine, and for destroying and removing the curb of the shaft of said mine, and for other injuries thereto. The plaintiff moved to strike out the counter-claim, upon the grounds that the same did not " arise out of the contract or transaction set forth in the petition, nor is it connected with the subject of the action; that it is not a cause of action existing in favor of all the defendants against the plaintiff." The motion was sustained, and defendants appeal.

*C. Haden* and *Charles S. Fogg*, for appellants.

*W. H. Stiles* and *Lyman Porter*, for appellee.

ROTHROCK, J.—I. The record shows that R. P. Chambers was the principal and Job Chambers was surety in the bond in suit, and they were so considered by the court in ruling on the motion. The indebtedness set up in the counter-claim was a personal claim of R. P. Chambers against the plaintiff. It was such a claim as would have been the ground of an original action in his favor against the plaintiff. He could not in such action join Job Chambers as a plaintiff therein. The question to be determined is, can he and Job Chambers set up the counter-claim as a ground for the defeat of a recovery by plaintiff upon the injunction bond? It is claimed that such counter-claim cannot be pleaded because it is not a cause of action arising out of the contract or transaction set forth in the petition, nor connected with the subject of the action; neither is it new matter constituting a cause of action in favor of all of the defendants against all of the plaintiffs, as required by section 2659 of the Code.

We do not think that the counter-claim arose out of the bond in suit, and it does not appear from the record that, it was connected with it; and it must be conceded that the counter-claim is not a cause of action in favor of both the defendants and against the plaintiff. But Job Chambers is not primarily liable upon this bond. . He is a surety, and it is his right to demand that the property of his principal shall be exhausted before resorting to his property to collect any judgment which may be recovered upon it. It is a fundamental rule that a surety may set up any defense which would be available to his principal. If sued alone, he may, with the consent of his principal, avail himself by way of counter-claim of a debt due from the plaintiff to his principal. Code, § 2661. While it is true, in the case at bar, that the surety has no personal claim against the plaintiff, yet the policy of our laws is to avoid circuity of actions. If the counter-claim cannot be pleaded in this action, and if it is a valid and meritorious claim, the ruling of the court below would require the principal to bring another action against the plaintiff, recover a judgment against him, and collect that judgment, and allow a judgment to go against him on the injunction bond. We think that the provisions of section 2659 of the Code are not applicable in such a case, and that subdivision 3 of that section has reference to the principal defendants in an action. The position of the surety is such that the principal should be allowed to defeat recovery on the bond if he can.

II. Counsel for the plaintiff have argued the case upon the theory that the counter-claim was adjudicated in the former action. The record does not show this claim to be well founded. If such was the fact, the plaintiff should have presented us with a record upon which we could have determined that question. It does not appear what was adjudicated in the former action.

REVERSED.