AT

## DES MOINES, OCTOBER TERM, A. D. 1888,

IN THE FORTY-SECOND YEAR OF THE STATE.

PRESENT:

HON. WILLIAM H. SEEVERS, CHIEF JUSTICE.
HON. JOSEPH R. REED,
HON. JAMES H. ROTHROCK, } JUSTICES.
HON. JOSEPH M. BECK,
HON. GIFFORD S. ROBINSON,

## CORBETT v. HUGHES *et al.*

1. **Promissory Note**: PLEA OF PAYMENT : WHAT IS NOT. In an action against the principal maker of a promissory note and his surety, they pleaded as a partial defense that there had been paid on said note by the surety to the plaintiff a certain sum in property, and a certain other sum in labor, but there was no allegation that the plaintiff had agreed to accept these items in part payment of the note. *Held* that the plea was not good as a plea of payment, because the plaintiff was not bound to accept anything but money in payment.

Corbett v. Hughes.

2. ——— : DEFENSE : COUNTER-CLAIM IN FAVOR OF SURETY ALONE. In an action upon contract against several defendants, a cause of action against the plaintiff arising out of matters independent of the contract must be in favor of *all* the defendants, in order to be pleaded as a counter-claim. (Code, sec. 2659, subd. 3). And so, in an action on a promissory note against the principal and surety, a cause of action against the plaintiff and in favor of the surety alone cannot be so pleaded; but in such case, as an exception to the rule, a cause of action in favor of the principal alone may be pleaded. (See *Reeves v. Chambers*, 67 Iowa, 81).

*Appeal from Hardin District Court.*—HON. JOHN H. HENDERSON, Judge.

FILED, OCTOBER 2, 1888.

ACTION upon a promissory note. The district court, on plaintiff's motion, struck out the second and third divisions of the answer, on the ground that the matters pleaded constituted a counter-claim, and that the same did not arise out of the contract set out in the petition, and constituted a cause of action in favor of defendant Rose alone. The only question arising upon the appeal is as to the correctness of that ruling.

*Albrook & Hardin*, for appellants.

*W. J. Moir*, for appellee.

REED, J.—It was alleged in the motion that defendant Hughes is the principal debtor on the note sued on, and that Rose is surety; and counsel for both parties have argued the cause on the assumption that the averment is true. We will consider the case, assuming that such is the relation of the defendants, although the fact is not shown by any averment of the pleadings, neither does it appear upon the face of the note.

I. The second division of the answer is as follows: "By way of counter-claim thereto, these defendants 1. PROMISSORY note: plea of payment: what is not. say that there has been paid on the said note to the plaintiff by the defendant Rose the sum of $29.85, in tiling, and the further

sum of six dollars, in hauling tile for the said plaintiff from Ackley, making a total of $35.85, to which these defendants are entitled as a credit on the said note, an itemized statement of which is hereto attached as Exhibit A, and made a part thereof." In the exhibit the plaintiff is debited with three items for tile and one item for hauling. It was contended that this division, of the answer pleaded a partial payment of the note, and that it should not have been stricken out, even though it should be held that a counter-claim in favor of but one of the defendants cannot be pleaded in the action. The promissory note sued on is a contract for the payment of money. That contract would not be performed by the delivery of property or the rendition of services, unless there was an agreement by the payee to accept such property or services in payment. Its delivery and acceptance, in the absence of such agreement, would create an indebtedness against the payee, but would in no manner affect the indebtedness evidenced by the note. The division of the answer in question, while it alleges in effect that Rose rendered the services and delivered the property in payment of the note, does not aver that plaintiff ever agreed to accept it as payment. It is very clear that an allegation to that effect is essential to a plea of payment, for, without such agreement on plaintiff's part, what was done would not amount to a payment, no matter what Rose's purposes or intentions were when he performed the services and delivered the property. Giving full force, then, to all the averments of the division, it amounts simply to an allegation that plaintiff is indebted to Rose for the items charged in the account.

II. The third division of the answer, it is conceded, pleads a counter-claim in favor of Rose alone, growing

2. ——: defense: out of matters entirely independent of the
counter-claim
in favor of note. The question in the case, then, is
surety alone. whether the principal and surety, when sued jointly on the contract, can avail themselves of an indebtedness thus arising in favor of the surety alone,

and have the amount thereof deducted from the indebtness evidenced by the contract. The right to plead a counter-claim in any case is purely statutory. Our statute on the subject is section 2659 of the Code, the third subdivision of which governs the question before us. It is as follows: "Any new matter constituting a cause of action in favor of the defendant, or all of the defendants if more than one, against the plaintiff, or all of the plaintiffs if more than one, and which the defendant or defendants might have brought when suit was commenced, or which was then held either matured or not, if matured when so plead." There is no room for argument as to the effect of that provision. Under it a cause of action which arises out of matters independent of the contract sued on must be in favor of all of the defendants and against all of the plaintiffs, or the parties must seek their remedy thereon in a separate action. It cannot be pleaded as a counter-claim. True, we held in *Reeves v. Chambers*, 67 Iowa, 81, when a principal and surety were sued jointly on the contract, that they were entitled to plead as a counter-claim a cause of action arising in favor of the principal alone, out of matters independent of the contract sued on. But the grounds of that holding are clearly set forth in the opinion. Under the law the surety has the right to have the property of the principal first appropriated to the satisfaction of the debt, and the courts will enforce that right. The application of the debt due from the plaintiff to the principal to the satisfaction of the secured debt is but a mode of enforcing it. And that right creates in favor of the surety an exception to the rule prescribed by the statute quoted. But when the cause of action is in favor of the surety alone, the case is not within the exception, but is governed by the rule. The judgment will be

AFFIRMED.