JAMES W. TUFTS v. THE PEOPLE'S BANK AND TRUST COMPANY.

1. The relation between a bank and its general depositors is that of debtor and creditor, and the bank may set off against a general deposit a debt due to it from the depositor.

2. A. sent to a bank for collection a writing which appeared to be a note made by one of the bank's depositors, payable to the order of A., and endorsed by A. to the bank for collection. Without trying to collect the note, the bank remitted to A. the amount of the note, and charged the same to the depositor's account. The depositor really owed to A. the amount of the note. *Held*, that the transaction operated as an assignment by A. to the bank of the debt mentioned in the note, and that the bank could not recover from A. the amount paid him, even though the note had been signed by the depositor's clerk without authority.

On *certiorari.*

Argued at June Term, 1896, before Justices DIXON and LUDLOW.

For the plaintiff below, *Edward C. Moore.*

For the defendant below, *Edward J. Luce.*

The opinion of the court was delivered by

DIXON, J. This *certiorari* brings up a judgment of the Passaic Common Pleas, in rendering which the court, sitting without a jury, disallowed a set-off claimed by the defendant. This action of the court is now the subject of complaint.

The set-off arose in this way: The plaintiff had sent to the defendant, an ordinary bank of deposit in Passaic, a note of which, with its endorsements, the following is a copy:

"67.50.        RUTHERFORD, N. J., Feby. 13, 1894. ·

"For value received, April 1, 1894, after date, I promise to pay to the order of James W. Tufts, sixty-seven dollars and 50 cents. The consideration of this and other notes is

certain soda apparatus and appurtenances described in contract
between me and the said James W. Tufts, bearing date Janu-
ary 8, 1894, and which I have received of said James W.
Tufts.   Nevertheless, it is understood and agreed by and be-
tween me and the said James W. Tufts that the title to the
above-mentioned property does not pass to me, and that until
all said notes are paid the title to the aforesaid property shall
remain in the said James W. Tufts, who shall have the right,
in case of non-payment at maturity of either of said notes,
without process of law, to enter and retake immediate posses-
sion of the said property wherever it may be, and remove the
same.

" Payable at the ......... Bank.      C. W. KNAPE,
" Due April 1, 1894.                        per MACNEIL.


" Endorsed—' Pay People's Bank and Trust Company, for
collection on my account.   James W. Tufts, Boston, Mass.'
"Attached to above note—' James W. Tufts, Boston.   No
protest.   If not paid, ascertain reasons.   Take this off before
presenting.' "


Without making any attempt to collect the note from
Knape, and without any solicitation on the part of the plaint-
iff, the defendant, on April 4th, 1894, sent to the plaintiff,
in Boston, a draft on a New York bank for the amount of
the note, and charged the same to the general account of
Knape, who was a depositor in the defendant bank.   Some
time afterwards Knape, on being informed of the charge by
the balancing of his bank-book, stated to the defendant that
the signature to the instrument had not been authorized and
would not be sanctioned by him, and he demanded that the
charge be annulled.   This had not been done at the time of
the trial, nor had Knape sued the defendant for the amount
of the charge.   The plaintiff was first notified of the situation
several months after the payment.   The defendant now seeks
to recover from the plaintiff the amount paid.

In arguing the cause before us, counsel for the defendant

treats the writing upon the back of the note as a commercial endorsement of negotiable paper. But evidently it is not of that character, for it neither transferred the title of the note nor guaranteed payment. It was a mere delegation of authority to the defendant to collect the amount of the note for the plaintiff. The claim of the defendant against the plaintiff cannot be tested by the peculiar rules of the law merchant, but must depend on the general principles of the common law. Under these principles, the most for which the defendant can contend, as a basis for its claim that the plaintiff shall return the money which it voluntarily paid him, is that it acted upon a false representation which it had a right to believe and act upon. Hence, the question arises, was it shown in the court below that such a false representation had been made?

Now, it seems to us that the only propositions on which the defendant acted are these, that Knape owed the sum stated in the note, and that, if the defendant paid that debt to the plaintiff, it could offset the same against Knape's deposit.

On these points we find in the case no room for controversy.

All the evidence produced at the trial tended to establish the proposition that, when the note was sent to the defendant, Knape owed the amount thereof to the plaintiff for the very consideration mentioned in the instrument, the only dispute there being as to whether MacNeil had authority to sign a note therefor.

When the plaintiff accepted from the defendant payment of that debt, it passed as a chose in action to the defendant as legal owner, whether the instrument was a valid note or not. *Gen. Stat.*, p. 2591, § 340, tit. " *Practice ;* " *Gerli* v. *Poidebard Silk Manufacturing Co.*, 28 *Vroom* 432. The instrument identified the debt, and the endorsement became operative as an assignment thereof. In that situation, the defendant being Knape's debtor for the amount on general deposit (*Pott* v. *Clegg*, 16 *Mees. & W.* 321 ; *National Bank* v. *Insurance Company*, 104 *U. S.* 54), and being his creditor for the amount mentioned in the writing, was legally entitled to set off the

one debt against the other, and could be made to pay to Knape the balance only. *Gen. Stat., p.* 3109, *tit. " Set-Off ;" Commercial Bank* v. *Hughes,* 17 *Wend.* 94; *Falkland* v. *St. Nicholas Bank,* 84 *N. Y.* 145; *International Bank* v. *Jones,* 119 *Ill.* 407. This right the defendant exercised, and, having thus applied the debt to the satisfaction *pro tanto* of what it owed Knape, it cannot recover the same from the plaintiff.

The judgment below was right and is affirmed, with costs.