CASE 94—PETITION EQUITY—FEBRUARY 18.

## New Farmers' Bank's Trustee v. Young, &c.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—SET-OFF.—Where one is the surety of a solvent principal on a note to a bank which has assigned for the benefit of creditors, and the assets of which are insufficient to pay its creditors in full, he has no right to have the amount of his deposit which he had with the bank at the time of its assignment set off against the note on which he is surety. The effect of that would be to permit him to collect his claim against the bank in full, while the other creditors would only get their *pro rata.*

2. SAME.—Where such a credit was entered upon the note by an agent or employe of the assignee, without authority, or under a misapprehension of instructions, the chancellor should cancel it.

STONE & SUDDUTH FOR APPELLANT.

   (Brief not in the record.)

J. S. HURT FOR APPELLEES.

1. The authority of Mrs. Bent to make the settlement is not denied in the original petition. In the amended petition, it is claimed she had no authority from appellant to do so. But this is inconsistent with the allegations of the original petition, and should not be permitted. (Civil Code, sec. 113, sub-sec. 4.)

2. The authority of Mrs. Bent is shown by the evidence. But if she had no authority at the time, appellant has ratified her

action by not having subsequently retransferred to N. B. Young's credit on the books, the amount of his deposit.

3. Appellant should not be permitted to reject that part of the executed agreement of Mrs. Bent with reference to the note upon which N. B. Young was surety for R. B. Young, and accept and retain that part of his deposit which was applied to the payment of the V. B. Young note. (Lawson's Rights, Remedies and Practice, vol. 1, Par., 38 and authorities there cited.)

4. The note was the joint one of R. B. and N. B. Young, the latter being surety. In a suit on the note, he had the right to plead his deposit as a set-off without regard to the solvency or insolvency of R. B. Young. And it was certainly proper for this to be done by agreement, without suit. (Finnell v. Nesbitt, 16 B. M., 354; Powell v. Houge, 8 B. M., 444; Blakeley v. Sartin, 9 B. M., 120; Trust Co. v. Shanahan, 14 Ky. L. R., 111; Hall v. New Farmers' Bank's Trustee, 98 Ky., 144.)

W. S. PRYOR IN PETITION FOR REHEARING.

1. An assignee for the benefit of creditors is not a purchaser for value, but stands in the shoes of the assignor, and can assert no equity the debtor himself could not have asserted. (Bowles' v. Bowles, 80 Ky., 534; Story's Equity Jurisprudence, sec. 1078; Brown v. Prowl, 67 Mich., 17; Salladin v. Mitchell, 42 Neb.)

2. N. B. Young, who was an obligor in the note, had the right to pay it at any time, and in this case paid it by having his deposit set off against it. He would certainly have had that right if he had been sued on the note, and why did he not have it before?

3. The right to the set-off existed at the time of the assignment, and the assignment could not change the legal status of the parties, or raise an equity so as to destroy that right.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

It appears from the record in this case that the New Farmers' Bank of Mt. Sterling, Ky., some time prior to the 23d day of September, 1893, made an assignment of all its property for the benefit of all its creditors to R. B. Young, who failed to qualify as such assignee, and that such proceedings were had as resulted in the appointment of the appellant as assignee of said bank,

and that appellant entered upon the discharge of the duties thereof September 25, 1893, and that all the property and assets owned and held by said bank on July 27, 1893, were turned over to plaintiff.

It is alleged in the petition in this case that R. Bruce Young and N. B. Young had, on the 1st day of January, 1893, executed their note to said bank for the sum of $1,000, due in six months from date, no part of which had been paid.

It is also alleged that R. Bruce Young is the principal in said note, and has been good and solvent, and has been so ever since the execution of said note, and all the time a resident of Montgomery county, Ky., and is entirely able to pay said note with interest, and that N. B. Young is only surety on said note.

It further appears from allegations in the petition that the following endorsement had been on the note, viz.:

December 16, 1893.

"Paid $467.65 by offset.        N. B. Y."

It is claimed in the petition that said endorsement was made by mistake of law, and occurred in substance as follows, viz.:  H. V. Sanders, appellant's agent, directed L. M. Bent, a clerk in appellant's employment, that where any depositor or creditor of said bank owed a note to the bank at date of assignment to set off the same against the creditor's claim and enter credit therefor, and did not in said direction distinguish between the claim of a creditor or depositor, who was

merely security on a note where his principal was good and solvent, and those claims of creditors or depositors who were principals on notes, or who were sureties, and whose principals were insolvent, and in pursuance of such direction said Bent, by an arrangement with N. B. Young, entered the credit aforesaid for and on account of said N. B. Young, having that sum to his credit in the bank at the date of the assignment.

It is further alleged in substance that Bent, who had been a clerk in the bank before the assignment, doubtless knew that R. Bruce Young was the principal in the note, yet that fact was unknown to appellant, its officers and agents, until after said 16th day of December, 1893.

It is further alleged in substance that the assets of the bank are insufficient to pay the creditors and depositors of the bank in full, and that it would be inequitable and unjust to the general creditors for N. B. Young to be paid in full, and that the said credit should be canceled, and judgment is prayed for against R. Bruce Young only for the amount of the note, and that the credit be canceled and for proper relief.

The defendants, the Youngs, offered to confess judgment for the amount of the note, subject to the said credit, which it seems was not accepted.

The substance of the answer is a plea insisting on the credit; a denial that the plaintiff's officers and agents in the management of the business did not know at the time of the credit that N. B. Young was

only security of R. Bruce Young, and did not discover that fact until after the 16th day of December, 1893; that at the time of the credit said Bent was agent of plaintiff below, and that she knew that N. B. Young was only the surety of R. Bruce Young. The answer also shows that said bank was indebted to N.B. Young at the time of the assignment in the sum of about $777.94, being a deposit in the bank and due before the assignment, and that the bank at the same time held a note on V. B. Young as principal, and N. B. Young as surety for about $200, besides interest then due, and also held the note in suit, which was also due at the time of the assignment, and that defendant owed the bank $4.80 on account of error in a draft, and that on the 16th day of December, 1893, appellant by its authorized agent and N. B. Young, R. Bruce Young assenting thereto, agreed that enough of said deposit be applied to pay the V. B. Young note, and also to the $4.80 claim, and the residue to be credited on the note in suit, to all of which plaintiff (appellant here) has since assented.

The reply in substance alleges that the note on V. B. Young and N. B. Young could only be collected from the latter, V. B. Young being dead and his estate insolvent. The reply traverses the affirmative matters in the answer, except as to the V. B. Young note and the $4.80 account. Afterwards the appellant was permitted to file an amended petition.

It is substantially alleged in the amended petition that on or about the 17th day of October, 1893, the ap-

pellant placed one Roy G. Kern as its sole agent in charge of the business, with exclusive power and authority, under the advice of its attorneys, to settle, adjust and attend to the business, including the adjustment of set-offs, and that said Mrs. Bent was fully notified of the same long prior to the said 16th day of December, 1893, and that she had no authority to settle such matters, and that said R. Bruce Young, prior to December 16, 1893, wanted to have N. B. Young's deposit set off against the note in suit, and made such application to said Kern when W. A. Sudduth, appellant's attorney, told him that such arrangement would not be made, and that afterwards he, R. Bruce Young, through his brother, N. B. Young, and his sister-in-law, Mrs. Bent, procured said settlement in the absence of appellant's agent, and on the same day and as soon as the transaction had been discovered by Kern, he repudiated the same and gave said surety notice that the set-off could not stand, and that it must be canceled, and within a few days after said date tendered back to said Young his receipt to plaintiff for the amount of his deposit, executed December 16, 1893, and offered to cancel the whole transaction with him, all of which was refused.

The receipt is tendered and filed, and an offer made to cancel the entire transaction, and demanded a return of the V. B. Young note. The amended petition was traversed of record. The court rendered judgment in favor of the defendants, and denied the relief asked, and from that judgment this appeal is prosecuted.

Under the pleadings and proof in this case we are of the opinion that the attempted settlement made by and with Mrs. Bent is not binding upon the appellant as a settlement or agreement, hence, the main question, is one of law as to the right of N. B. Young to apply or have his deposit credited on the note sued on.

The effect of the assignment made by the bank was to appropriate its assets to the payment *pro rata* of all claims against it, subject, of course, to all legal rights of set-off held at the time by its debtors. It is not claimed that the assets are sufficient to pay all creditors in full.

If the claim of N. B. Young in this case is sustained the result would be that he would collect in money his entire claim, for under his claim he would obtain a credit upon the note in suit for the full amount of his demand, and his principal being solvent he would then collect of him the full amount so paid.

It seems to us that he can not be allowed to do so. He had no claim against his principal until he paid the debt, and while it is true that he could have been compelled to pay, yet if it is also true that no effort was being made by appellant then, nor is there now, to compel him to pay, hence he was a volunteer in the transactions set up. He was not in fact paying the debt to the bank, but in reality securing a debt that the bank owed him. The law did not authorize him to do so.

For the reasons given the judgment of the court below is reversed and cause remanded, with directions

to render a judgment against R. Bruce Young for the amount of the note, less, of course, such sum as he has paid since the institution of this suit, and to cancel the transaction in regard to said note as prayed for. N. B. Young may, if he so elects, surrender the V. B. Young note to appellant, and have that transaction as to it canceled.