ROSEVILLE TRUST COMPANY, PLAINTIFF-RESPONDENT,
v. A. W. BARNEY, JR., DEFENDANT-APPELLANT.

Argued March 14, 1916—Decided November 20, 1916.

1. Section 22 of the act concerning trust companies (*Comp. Stat.*, p. 5664), amended *Pamph. L.* 1913, p. 282, authorizes the commissioner of banking and insurance, in certain circumstances, to take possession, as statutory agent, of a trust company's property and business and liquidate the same, and empowers him to prosecute and defend suits and other legal proceedings in the name of the trust company.

2. A person indebted to a trust company on a promissory note, and having a deposit to his credit therein when the commissioner of banking and insurance takes possession, is a creditor of the company, and as such entitled to set off his deposit against the amount due on the note, under the act concerning set-off. *Comp. Stat.*, p. 4836, § 1.

On appeal from the Supreme Court, whose opinion is reported in 88 *N. J. L.* 146.

For the defendant-appellant, *Otto A. Steiffel*.

For the plaintiff-respondent, *Peirce & Hoover*.

The opinion of the court was delivered by

WALKER, CHANCELLOR. On August 14th, 1913, the commissioner of banking and insurance took charge of the property and business of the Roseville Trust Company, under the provisions of the act concerning trust companies (*Comp. Stat., p.* 5664), amended *Pamph. L.* 1913, p. 282. The commissioner found, among the assets of the bank, a note for $400 made by A. W. Barney to his son, A. W. Barney, Jr., the defendant, payable three months after date. The note was drawn to the order of the maker and by him endorsed and turned over to his son who also endorsed it. On the same day the note was delivered to the Roseville Trust Company for A. W. Barney, Jr., who received a credit for it on

the books of the company in the sum of $394. When the commissioner took possession, the books of the trust company showed a balance of $467.99 to the credit of A. W. Barney, Jr., which included the $394 passed to his credit upon the purchase or discount of the note mentioned. Suit was brought by the commissioner for and in the name of the trust company, against the younger Barney in the First District Court of Newark upon the note in question, and he pleaded set-off for the sum of $467.99. The trial judge disallowed the set-off and gave judgment for the plaintiff (the trust company) and the Supreme Court, on appeal, sustained that judgment. The judge of the District Court decided that there was no defence at law by way of set-off, and the Supreme Court held that the defendant's claim was not within the statute of set-off and affirmed that decision. From the judgment entered in the last-mentioned court the defendant has appealed to this court.

The act concerning trust companies (Revision of 1899; *Comp. Stat., p.* 5654), was amended with reference to sections 22, 23 and 24, by act of April 1st, 1913. *Pamph. L., p.* 282.

The commissioner of banking and insurance, as already remarked, took possession of the property and business of the Roseville Trust Company on August 14th, 1913, and, therefore, acted under the powers conferred upon him by the amended section 22, which provides that whenever it shall appear to the commissioner that any trust company has violated its charter or any law of this state, or is conducting its business in an unsafe or unauthorized manner, or in certain other circumstances mentioned, he may forthwith take possession of the property and business of such trust company and retain such possession until it shall resume business or its affairs be finally liquidated as therein provided. Provision is then made that the trust company may, with the consent of the commissioner, resume business upon such conditions as may be approved by him. The commissioner is authorized to collect all debts due and claims belonging to the trust company, and, upon the order of the Court of Chancery, he may sell or compound all bad or doubtful debts and

on like order may sell all the real or personal property of such trust company. It is also provided that for the purpose of executing and performing any of the powers and duties thereby conferred upon him, the commissioner may, "in the name of the trust company," execute and deliver all deeds, assignments, releases and other instruments necessary and proper to effectuate any sale of real or personal property, or compromise, authorized by the Court of Chancery; and any deed or other instrument, executed pursuant to the authority thereby given, shall be as valid and effectual for all purposes as though the same had been executed by the officers of such trust company by the authority of its board of directors. Further, that out of the moneys collected by the commissioner, and at any time after the expiration of the date fixed for the presentation of claims against the company, the Court of Chancery may authorize the commissioner to declare out of the funds remaining in his hands, after the payment of expenses, one or more dividends; and whenever the commissioner shall have paid to every depositor and creditor (not including stockholders) whose claims shall have been duly proved and allowed, the full amount of such claims, and shall have made proper provision for unclaimed and unpaid deposits or dividends, and shall have paid all the expenses of liquidation, he shall call a meeting of the stockholders who shall determine whether the commissioner shall be continued as liquidator and shall wind up the affairs of the company, or whether an agent or agents shall be elected for that purpose.

Section 24 of the act, as amended, provides that whenever any trust company shall become insolvent, or shall suspend its ordinary business for want of funds to carry on the same, the attorney-general, or any creditor or stockholder, may apply to the Court of Chancery for an injunction and the appointment of a receiver, and the court being satisfied of the sufficiency of the application, and of the truth of the allegations, may proceed in a summary way to hear the affidavits, proofs and allegations which may be offered on behalf of the parties, and if upon such inquiry it shall appear

to the court that the trust company has become insolvent, and is not about to resume its business in a short time thereafter with safety to the public and advantage to the stockholders, may issue an injunction to restrain such trust company and its officers and agents from exercising any of its privileges or franchises and from collecting or receiving any debts, or paying out, selling, assigning or transferring any of its estate, &c., except to a receiver appointed by the court, until the court shall otherwise order.

Section 25, which has not been amended, authorizes the appointment of a receiver for the creditors and stockholders of the trust company with full power and authority to demand, sue for, collect and take into his possession all the property of every description of the corporation and to institute suits at law and in equity for the recovery of any of its property or demands, and in case of mutual dealings between the corporation and any person to allow just set-offs in all cases in which the same ought to be allowed according to law and equity.

Thus it will be seen that the act concerning trust companies contains two schemes for the winding up of such institutions, one by the commissioner of banking and insurance as a statutory agent, and the other by a receiver in insolvency proceedings.

No right of set-off is given in section 22, either as it originally stood or as it now stands amended. As it originally stood it authorized the commissioner, if he had reason to conclude that any trust company was in an unsound or unsafe condition, to forthwith take possession of its property and business and retain such possession until the termination of an action or proceeding to be instituted by the attorney general, or until the appointment of a receiver by the Court of Chancery. And section 24, as it originally stood, provided that whenever any trust company should become insolvent or should suspend its ordinary business for want of funds to carry on the same, the attorney-general or any creditor, or stockholder, might apply to the Court of Chancery for an injunction and the appointment of a receiver. Then followed a provision

that whenever it should appear to the Court of Chancery, on application of the attorney-general, that any trust company was in an unsound condition because of illegal or unsafe investments (or that some of the other conditions existed which are now described in section 22, as amended), the court might issue an injunction to restrain such company and its officers and agents from exercising any of its privileges and franchises and from collecting or receiving any debts or from paying out any of its estate, moneys, funds, lands, tenements or effects except to a receiver appointed by the court, until the court should otherwise order.

Thus it appears that the commissioner of banking and insurance, as the act concerning trust companies originally stood, did not have the powers of a liquidator, but only power to take possession of the property and business of a trust company until the termination of an action or proceeding instituted by the attorney-general, or until the appointment of a receiver by the Court of Chancery. There was then no occasion for any provision regarding set-off in section 22; that provision was naturally and properly made in section 25, which defined the powers and duties of a receiver to be appointed by the Court of Chancery.

It will be observed that the winding up of an insolvent trust company, a proceeding essentially judicial in its nature, is confided to the Court of Chancery, while for corporate acts not in and of themselves amounting to insolvency, the commissioner of banking and insurance by section 22 of the Trust Company act, as amended, is authorized to take possession of the company's business and liquidate its affairs. He is not, like a receiver, vested with title to the corporation's property, nor empowered to sue or be sued in his name as commissioner, but only to act for the company and for the benefit of its creditors and stockholders, doing all lawful acts in the name of the company itself. During his administration of its affairs the corporate entity itself continues in existence, and everything done for and on its behalf by the commissioner, must be done in its name. The rights of creditors, at least so far as reducing their claims to judgment

is concerned, are not affected by the act, which makes express provision that the commissioner, in the name of the company, may prosecute and defend all suits and other legal proceedings.

The relation between a bank and its depositors is that of debtor and creditor. *Tufts* v. *People's Bank,* 59 *N. J. L.* 380; *Campbell, Receiver,* v. *Watson,* 62 *N. J. Eq.* 396. Between persons occupying that relation to each other, set-off at law, under the statute, applies. The act concerning set-off (*Comp. Stat., p.* 4836, § 1) provides that if any two or more persons be indebted to each other, such debts not being for unliquidated damages, may be set off against each other. Within the very wording of this act, the set-off pleaded by the defendant in the court of first instance, was valid and should have been allowed. Its disallowance was error. This view leads to a reversal of the judgment of the Supreme Court and a remand of the record for further proceedings according to law.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Garrison, Swayze, Trenchard, Bergen, Black, White, Heppenheimer, Williams, Taylor, JJ. 11.