H. R. DOLAN, Appellee, v. E. P. BUCKLEY et al., Appellants.

**SET-OFF AND COUNTERCLAIM: Distinct Transaction.** A counterclaim need not arise out of the transaction on which plaintiff sues.

**SET-OFF AND COUNTERCLAIM: Counterclaim by Surety.** A surety, when sued jointly with the principal, may join with the principal in a counterclaim which the principal alone holds against the plaintiff.

**DEEDS: Construction—Merger—False Representations.** A cause of action based on false representations as to the terms and conditions of an outstanding mortgage is not merged in the deed taken for the premises.

*Appeal from Linn District Court.*—JOHN T. MOFFIT, Judge.

JUNE 24, 1924.

ACTION on a promissory note. Defendants pleaded a counterclaim. A demurrer to the counterclaim was sustained. Defendants elected to stand upon the counterclaim, and judgment was entered dismissing the counterclaim, and in favor of the plaintiff for the amount due on the note.—*Reversed.*

*Johnson, Donnelly & Lynch,* for appellants.

*C. J. Haas,* for appellee.

FAVILLE, J.—Appellee sues on a promissory note signed by appellant E. P. Buckley as principal and Delia C. Buckley as surety. By way of counterclaim, appellants allege that appel-

1. SET-OFF AND COUNTERCLAIM: distinct transaction.

lant E. P. Buckley entered into a written contract with appellee for the purchase of a certain farm. A copy of the contract is attached to the answer. The contract provided for the conveyance of the premises at a future date, and that the conveyance was to be subject to a certain mortgage, to run for a period of five years, with interest at five and one-half per cent per annum, payable annually. It is alleged in the counterclaim that, at the time of final settlement, appellee represented to the vendee (appellant E. P. Buckley) that he had placed a mortgage on the premises, conforming to the terms of the written contract as to the interest rate and date of payment. It is alleged that the said E. P. Buckley relied on the representations so made by appellee, and had no knowledge that they were not true; that he accepted the deed, assuming the mortgage then upon the premises. It is alleged that the representations were untrue. Appellants sought to recover damages in the sum of $1,600.

The demurrer is based upon several grounds.

It is alleged that the counterclaim does not appear to arise out of the transaction pleaded in the petition, and is not connected with the subject-matter of the action. It is not necessary that a counterclaim so arise or be so connected. Code Section 3570.

It is contended that the counterclaim does not plead a cause of action existing in favor of all of the appellants against the appellee. The transaction out of which the counterclaim arose was between appellee and appellant E. P. Buckley only. Appellant Delia C. Buckley was not a party to that transaction. Is the counterclaim in favor of E. P. Buckley now available to both appellants in this action?

2. SET-OFF AND COUNTERCLAIM: counterclaim by surety.

It is alleged in the counterclaim that Delia C. Buckley is a surety only on the obligation sued upon by appellee.

Under Code Section 3570, a counterclaim may be "any new matter constituting a cause of action in favor of the defendant, or all of the defendants, if more than one, against the plaintiff." It is contended that no cause of action existed in favor of the defendant Delia against the plaintiff, and that, therefore, the demurrer was well taken. Both appellants joined in the counterclaim. Was it available to Delia? As stated, she was but a surety on the note sued on by appellee. Assuming that she alone had been sued in this action, could she have pleaded in her behalf the counterclaim available to her principal?

The question was before us in *Reeves v. Chambers,* 67 Iowa 81, wherein suit was brought against the principal and surety on an injunction bond. A counterclaim was pleaded, growing out of matters between the plaintiff and the principal on the bond only. It was contended that such a counterclaim was not available to the other defendant, the surety. We recognized the fundamental rule that a surety may set up any defense which would be available to his principal. If sued alone, the surety may, with the consent of the principal, avail himself, by way of counterclaim, of a debt due from the plaintiff to his principal. Code Section 3572.

The surety in this case has no personal claim against appellee; but the policy of the law is to avoid a circuity of actions. In the *Reeves* case, we said:

"The position of the surety is such that the principal should be allowed to defeat recovery on the bond if he can."

Under the facts alleged in the counterclaim, Subdivision 3 of Section 3570 is not applicable, and the counterclaim was available to both defendants. As bearing on the question, see,

also, *Beh v. Bay,* 127 Iowa 246, 248; *Cohn, Baer & Berman v. Bromberg,* 185 Iowa 298, 305.

The demurrer raises the question that it appears from the facts pleaded in the counterclaim that the contract referred to was merged in the deed, and that the terms of the deed are final.

The allegations of the counterclaim do not present a case of merger. The counterclaim is predicated upon alleged misrepresentations of fact as to the terms and provisions of the then outstanding mortgage against the premises. There were no recitals in the deed, so far as the counterclaim declares, respecting the items which it is claimed were misrepresented by appellee. The counterclaim alleges that, at the time of the delivery and acceptance of the deed, the vendor misrepresented the facts as to the terms and conditions of the outstanding mortgage. This was an affirmative act. It was, in a way, independent of the contract and the deed. It presents a very different situation from one where a deed is tendered and accepted without anything more. It is alleged that affirmative representations were made, which were relied upon by the vendee, and which were false. Under such a situation, the appellant is not defeated of his right of action for the fraud committed, either by way of counterclaim or by independent action, as he may see fit, by acceptance of the deed without knowledge of the facts.

3. DEEDS: construction: merger: false representations.

It is contended that fraud is not alleged in the counterclaim It is not essential that the words "fraud" or "fraudulent" be used in an action based on deceit or false representations. The allegations of the counterclaim might well have been amplified, but they were sufficient to set out a case of damages by reason of false representations as to an existing fact.

The demurrer avers that the counterclaim does not allege that appellant E. P. Buckley has paid the interest on the incumbrance referred to. This was not a prerequisite to the maintenance of the cause of action pleaded in the counterclaim. No question of the proper measure of damages is involved in the ruling on the demurrer.

We reach the conclusion that the court erred in sustaining

the demurrer to appellants' counterclaim, and the judgment is, therefore,—*Reversed.*

ARTHUR, C. J., EVANS and PRESTON, JJ., concur.