MIDDLESEX COUNTY COURT OF COMMON PLEAS.

WALTER LEWIS, RECEIVER OF THE FIRST NATIONAL BANK AND TRUST COMPANY OF WOODBRIDGE, NEW JERSEY, PLAINTIFF, v. MRS. LEWIS E. POTTER (JENNIE B. POTTER) AND W. H. BERRY, ADMINISTRATORS OF THE ESTATE OF JAMES E. BERRY, AND JENNIE B. POTTER AND W. H. BERRY, DEFENDANTS.

Decided February 1, 1933.

For the plaintiff, *Emil Stremlau.*

For the defendants, *Duff & Duff*.

LYON, J. This action was brought by the plaintiff as receiver of the First National Bank and Trust Company of Woodbridge against the defendants who were the maker and endorsers of a promissory note in the sum of $656.32. The note was dated November 13th, 1931, and payable February 13th, 1932. The bank was closed by the comptroller of the currency on November 30th, 1931, and the plaintiff was appointed receiver on December 2d, 1931.

The defendant Jennie B. Potter, one of the endorsers, seeks to set off against the claim of the plaintiff the amount of her deposit in the bank of $520.83.

The question which arises, therefore, is whether an endorser of a promissory note, who is liable only as endorser, can set off his account against a claim of a receiver of an insolvent national bank upon said note.

This right of set-off, if it exists at all, must be under the New Jersey act concerning set-offs (4 *Comp. Stat., p.* 4836), which provides "that if any two or more persons be indebted to each other, such debts or demands not being for unliquidated damages, may be set off against each other."

The set-off exists only by virtue of statute and was unknown at common law. *Roseville Trust Co.* v. *Barney,* 89 *N. J. L.* 550; 99 *Atl. Rep.* 343; *Curtis-Warner Corp.* v. *Thirkettle,* 99 *N. J. Eq.* 806; 134 *Atl. Rep.* 299; *affirmed,* 101 *N. J. Eq.* 279; 137 *Atl. Rep.* 408.

The statute of set-off applies only to mutual indebtedness. *Yerkel* v. *Gross,* 105 *N. J. L.* 308; 144 *Atl. Rep.* 312.

In the case of *Van Wagoner* v. *Paterson Gaslight Co.,* 23 *N. J. L.* 283, so elaborately quoted by counsel for defendant, it is held that "all cross demands, *provided they be mutual,* shall be set off."

"The relation between a bank and its general depositors is that of debtor and creditor, and the bank may set off against a general deposit a debt due to it from the depositor." *Peoples Bank* v. *Tufts,* 59 *N. J. L.* 380; 35 *Atl. Rep.* 792; *Roosevelt Trust Co.* v. *Barney, supra; Curtis Warner Corp.*

v. *Thirkettle, supra; Campbell* v. *Watson,* 62 *N. J. Eq.* 396; 50 *Atl. Rep.* 120.

While there is a mutual relation between a bank and its general depositors so that the bank may set off against a general deposit a debt due to it from a depositor, does that mutual relationship extend to a bank and a depositor whose debt is only contingent, and can be enforced against the depositor only in the event that the principal debtor is insolvent?

The Negotiable Instruments act (3 *Comp. Stat., p.* 3742, ¶ 63), provides that "a person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an endorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

The same act on page 3743, paragraph 70, provides that "presentment for payment is necessary in order to charge the drawer and endorsers," and further, section 89 provides that "when a negotiable instrument has been dishonored by non-acceptance or non-payment, notice of dishonor must be given to the drawer and to each endorser, and any drawer or endorser to whom such notice is not given is discharged."

Furthermore, in the event of judgment against maker and endorsers and execution thereon, the amount must be made first against the maker before recourse can be had to the endorsers. *Comp. Stat. p.* 4061, ¶ 35.

In Paton's Digest of Legal Opinions, No. 2943, it is stated "where the depositor is endorser on a note of a solvent maker some cases hold that the right of set-off does not exist." *Thompson* v. *Union Tr. Co.,* 130 *Mich.* 508; *Jack* v. *Klepser,* 196 *Pa.* 187; *Steelman* v. *Atchley (Ark.),* 135 *S. W. Rep.* 902; *New Farmers Bank* v. *Young,* 100 *Ky.* 683; 39 *S. W. Rep.* 46.

He also states in Opinion No. 2944 that "it is questionable whether a depositor who has endorsed such a note can have its set-off against his deposit in the insolvent bank unless the maker is insolvent." *Wagoner* v. *Paterson Gaslight Co., supra; Scott* v. *Armstrong,* 146 *U. S.* 499; *In re Hatch,* 155

*N. Y.* 401; *Davis* v. *Industrial Manufacturing Co.,* 114 *N. C.* 321; *Borough Bank* v. *Mulqueen,* 125 *N. Y. Supp.* 1034; *Building, &c., Co.* v. *Northern Bank* (*N. Y.*), 99 *N. E. Rep.* 1044.

Since the obligation of an endorser to the bank is contingent only, depending on the solvency of the maker, and since that obligation is further contingent on presentment for payment and notice of dishonor, and further on an exhaustion of the makers resources before recourse can be had to the endorser, it does not seem that the relation between such an endorser and the bank which holds the paper is a relationship contemplated by our act concerning set-offs.

Judgment should go, therefore, to the plaintiff.