## SPURWAY v. WEINTRAUB.

### No. 6568.

Circuit Court of Appeals, Fifth Circuit.

July 10, 1933.

Charles R. Pierce, of Miami, Fla., for appellant.

J. C. Morcock and Joseph Weintraub, both of Miami, Fla., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment ordering the receiver of a national bank to allow a depositor to set off his money on deposit against two notes upon which he was the indorser, to cancel and deliver the said notes to him, and liquidate the balance of the account as an unpreferred claim. The case was sub-mitted on bill and answer and a stipulation. The material facts shown are these: The City National Bank in Miami closed on December 20, 1930. Appellee had a balance on deposit of $661.33, and was an accommodation indorser on two notes, respectively, for $200 and $300. These notes were past due when the bank closed, demand had been made on the makers, but no notice of dishonor had been given appellee as indorser. Later, the exact date is not shown, the receiver declared a dividend of 20 per cent. and issued a check payable to appellee in the sum of $132.26, but declined to deliver it, as in the meantime appellee had demanded the allowance of a set-off of his deposit against the said two notes. The bill alleged that appellee had no recourse against the makers of the notes of which he was the indorser, but did not allege that the makers were insolvent. The receiver denied their insolvency. The stipulation provided that, if it should be considered necessary to allege and show insolvency of the makers of the notes, plaintiff would be allowed to amend his bill in that respect, and that the cause might be referred to a master for the purpose of determining insolvency. The District Court, as appears by an opinion in the record, reached the conclusion that, while the question as to whether the makers of the notes were solvent was not presented in any pleading or agreed facts, there was enough to warrant the inference of insolvency. Error is assigned to that finding, and presents the only material question in the case.

By demanding the set-off, appellee has waived any question as to his liability on the notes, but he was certainly not the principal obligor. Baumeister v. Kuntz, 53 Fla. 340, 42 So. 886; Williams v. Peninsular Grocery Co., 73 Fla. 937, 75 So. 517. If appellee were permitted to liquidate the notes by set-off, he could then hold the makers for their face value if the makers were solvent, and thereby obtain a greater percentage of his deposit in the liquidation of the bank than could other depositors. Equity will not lend itself to this at the suit of the indorser. Curtis v. Davidson, 215 N. Y. 395, 109 N. E. 481, 482. The burden was on appellee as plaintiff in the suit to show with reasonable certainty that the makers were insolvent. Bryant v. Williams (D. C.) 16 F.(2d) 159; Edmondson v. Thomasson, 112 Va. 326, 71 S. E. 536, Ann. Cas. 1913A, 1301; Knaffle v. Knoxville Banking & Trust Co., 128 Tenn. 181, 159 S. W. 838, 50 L. R. A. (N. S.) 167; New Farmer's Bank's Trustee v. Young, 100 Ky. 683, 39 S.

70

W. 46; In the Matter of the Receiver of the Middle District Bank, 9 Cow. 414 (N. Y. 1827); Michie, Banks and Banking, c. 9, § 161.

 We think the District Court was in error in assuming that it might be inferred that the makers of the notes were insolvent. The allegation that plaintiff had no recourse against the makers of the notes was a mere conclusion without probative force. The judgment rendered was without substantial basis, and must be reversed. Reversed and remanded for further proceedings not inconsistent with this opinion.