159 So. 231

## FIRST NAT. BANK OF BIRMINGHAM v. DUPUY–BURKE REALTY CO., Inc.

### 6 Div. 616.

Supreme Court of Alabama.

Jan. 17, 1935.

Rehearing Denied Feb. 21, 1935.

Cabaniss & Johnston and K. E. Cooper, all of Birmingham, for appellant.

Horace C. Wilkinson, of Birmingham, and C. W. Sanders, of Ensley, for appellee.

ANDERSON, Chief Justice.

The main question involved in this appeal is the sufficiency of the defendant's special plea 6.

■ The plea, when reduced to its final analysis, is nothing but an attempted set-off against the note sued upon, for the reason that the plaintiff, when acquiring the said note, had notice of the insolvency of its assignor, the Ensley Bank. Section 10178 of the Code of 1923 provides: "Paper governed by the commercial law, negotiated before maturity, is not subject to' set-off or recoupment." Whatever may be the decisions elsewhere, this court has decided that said section precludes a set-off when the instrument sued on is commercial paper and was nego-. tiated for value before maturity. Manning v. Maroney, 87 Ala. 563, 6 So. 343, 13 Am. St. Rep. 67; First Nat. Bank of Montgomery v. Slaughter, 98 Ala. 602, 14 So. 545, 39 Am. St. Rep. 88. The statute, as thus construed, has been re-enacted in several Codes since said decisions. The complaint shows that the instrument sued on is commercial paper, was purchased by the plaintiff for value and before maturity. Therefore, regardless of what the effect of the, insolvency of the Ensley, Bank and the notice of the plaintiff may have had upon the bona fides of the plaintiff's claim as against other defenses, plea 6, invoking a set-off, was no answer to the complaint, and the trial court erred in not sustaining the plaintiff's demurrer to same.

■■ True, we now have the trust fund doctrine in this state, as section 7062 of the Code of 1923 says: "The assets of insolvent corporations constitute a trust fund for the payment of the creditors of such corporations, which may be marshalled and administered in courts having equity jurisdiction in this state." But this is solely a question of equitable cognizance and not available to this defendant in a court of law. Moreover, if the instrument in question be regarded as a part of the trust fund of the insolvent corporation, the defendant would not be entitled to set off its deposit in the bank against the note, for, if the assets be insufficient to pay the creditors, this would, in effect, give it a preference, as the other creditors would only get their pro rata. New Farmer's Bank's Trustee v. Young, 100 Ky. 683, 39 S. W. 46; Storts v. George, 150 Mo. 1, 51 S. W. 489.

As the defendant's plea 6 was bad and subject to the plaintiff's demurrer, it is unnecessary for us to pass upon the replications to said plea.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

THOMAS, BROWN, and KNIGHT, JJ., concur.