## Wytheville.

### EDMONDSON & REEKES, RECEIVERS, V. THOMASSON.

#### June 8, 1911.

1. SET-OFFS—*Partnership and Individual Demands.*—Partnership demands and demands due to individual partners cannot be set off against each other.

2. SET-OFFS—*Insolvent Bank—Demand Against Partnership—Individual Deposit.*—The endorser of notes made by a firm of which he is a member, and held by the receivers of an insolvent bank, is not entitled to set off against such notes the amount of an individual deposit due him by the bank, when the makers of the notes are solvent, and the receivers of the bank can collect full amount from them. The deposit would be available, however, as a set-off, if the makers were insolvent, and the endorser were called upon to pay the debt.

Appeal from a decree of the Circuit Court of Mecklenburg county in a suit in chancery wherein the appellants filed their petition. Decree for the petitioners. Defendants appeal.

*Reversed.*

The opinion states the case.

*E. P. Buford, C. T. Baskerville, E. C. Goode, W. E. Homes,* and *Charles J. Faulkner, Jr.,* for the appellants.

*R. Turnbull & Son,* for the appellees.

KEITH, P., delivered the opinion of the court.

Certain stockholders of the Bank of Mecklenburg filed their bill, setting up the insolvency of the bank and asking that receivers be appointed to wind up its affairs. The

court appointed the appellants, and directed them to take charge of the assets of the bank, collect them and distribute the proceeds under its direction.

R. L. Thomasson filed his petition in this suit, in which he states that he is a member of the mercantile firm of Thomasson & Stembridge; that at the time the receivers were appointed the bank held, among other assets, two notes made by Thomasson & Stembridge, one for $1,000, dated February 14, 1908, payable ninety days after date, on which certain payments had been made, and the other for $1,041.60, dated February 18, 1908, payable ninety days after date, no part of which had been paid; that both of these notes had been made payable to the order of R. L. Thomasson and R. L. Stembridge, were regularly endorsed by the payees and discounted by the bank, and the proceeds thereof placed to the credit of the firm of Thomasson & Stembridge; that at the time of the appointment of the receivers Thomasson had on deposit in the bank to his individual credit $1,341.67; that he, as endorser of the two notes, was entitled to have the said amount so due to him individually by the bank set off against the amount due on the two notes made by the firm of Thomasson & Stembridge and endorsed by the individual members of the firm, and prayed that this set-off be allowed.

The receivers resisted this petition, and filed their answer denying the right of Thomasson to the set-off claimed, and alleging that the firm of Thomasson & Stembridge was solvent and had sufficient assets fully to discharge the balances due on the two notes; and that to allow such set-off would be creating a preference in favor of Thomasson over the other creditors of the Bank of Mecklenburg.

Depositions were taken by Thomasson to support the allegations of his petition, and the cause coming on to be heard on the petition, the demurrer and answer thereto, and the depositions, the court entered a decree granting the

prayer of the petition, and allowing the set-off prayed for. From that decree an appeal was allowed by this court.

It appears that the notes were made by the partnership for partnership purposes, and that the proceeds were placed to the credit of and used by the partnership. Thomasson endorsed the notes as additional security, the bank requiring all notes to have two good endorsers. Thomasson, it is true, was a member of the partnership, but partnership demands and demands due to individual partners cannot be set off against each other—a proposition too well established to need authority in support of it.

The sole question is whether an endorser of notes held by the receivers of an insolvent bank is entitled to set off against such notes the amount of an individual deposit due him by the bank, when the maker of the notes is solvent and the receivers can collect them in full from the maker?

This question was before the chancery court of New York in the case of *Middle District Bank,* 9 Cow. 414, and Chancellor Walworth said: "If the real debtor is unable to pay, and the receiver is compelled to resort to the endorser, who is eventually to be the loser, he has the same equitable claim to set-off bills which he had at the time the bank stopped payment. But no such effect should be allowed to an endorser when he is indemnified by the real debtor, or when the latter can be compelled to pay."

*Davis* v. *Industrial Manufacturing Co.,* 114 N. C. 321, 19 S. E. 371, 23 L. R. A. 322, is very similar to the case in judgment. The opinion refers to the case just cited as follows: "The rule thus stated by the learned chancellor seems to us eminently just and equitable. It was applied by him to the settlement of the affairs of a bank of issue. The Bank of New Hanover was not a bank of issue, but of deposit and discount; but we know of no reason why it should not effect an equitable result as well when the indebtedness of the insolvent bank consists of accounts and

certificates of deposit as where its liabilities were represented by bills."

The partnership of Thomasson & Stembridge was the principal debtor. If Thomasson, as endorser, pays the debt in any way whatever by the application of the set-off in accordance with his petition or otherwise, he can indemnify himself by resort to the assets of the firm, if it be solvent, or to the extent at least of any dividends to which he might be entitled upon a distribution of its assets. He would then be precisely within the terms of the principle stated by Chancellor Walworth. If, however, the partnership, which is the real debtor, be unable to pay and the receivers are compelled to resort to the endorser, who individually would be the loser, he will be plainly entitled to set off his claim against the bank in satisfaction of any demand made by the receivers upon him as endorser.

For these reasons, we are of opinion that the decree of the circuit court should be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed.*