12600

BANK OF ANDERSON v. MAJESKI *ET AL.*

(146 S. E., 815)

*Mr. Kurtz P. Smith,* for appellant,

. *Mr. A. H. Dagnall,* for respondents,

February 21, 1929.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The plaintiff, an insolvent banking corporation, sued upon a promissory note made to it by the defendant Majeski, indorsed by Miss Geisberg. Majeski defaulted. Miss Geisberg set up as a counterclaim a deposit account in plaintiff bank exceeding the sum due on the note, formerly owned by her tenant, one Thompson, and which she alleged she owned prior to, and at the time of, the declared insolvency of the bank. The case was heard before Hon. T. S. Sease, Circuit Judge, in the Court of Common Pleas of Anderson County; both parties waiving the right to jury trial.

The Court decided that Miss Geisberg was entitled to a set-off against the note for the full amount thereof on account of the deposit, and allowed her judgment against the bank for the excess; her judgment, however, only to prorate with the other depositors of the Bank of Anderson. The bank has appealed.

The appellant cites several cases. We think it necessary only to refer to one, that of *Bank of Anderson v. Allen,* 146 S. C., 167, 143 S. E., 646. The plaintiff there is the plaintiff in this case.

There the principle which controls the instant case was announced as follows: "It is the general rule that the right to set-off against an insolvent bank has to be governed by the state of facts existing at the time of insolvency and not by the conditions that might be created afterwards. Therefore a debtor of an insolvent bank will not be permitted to

set off against his debt a claim assigned to him after the insolvency of the bank."

We stand by the announced principle. The real question, however, in this case is this: Was Miss Geisberg the owner of the deposit at the time of the admitted insolvency of the bank? If she was, she had the right to counterclaim on that deposit against her indebtedness to the bank. If she was not the owner at the time, but became the owner later, her counterclaim was not allowable. That is the law of the *Allen case*.

This is a case at law. The facts were entirely for the Circuit Judge, who sat both as a Court and a jury. There was evidence which indicated that Miss Geisberg was not the owner of the deposit at the time the bank failed. There was also evidence that she was the owner of the deposit at that time. Since there was conflicting evidence sufficient to support a verdict either way, it was the duty of the presiding Judge to decide as to the weight and value of that evidence. This Court cannot disturb his finding, if there was any evidence to support it.

We find no error of law, and the judgment below is affirmed.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES COTHRAN, STABLER, and CARTER concur.