# Richmond

N. W. Stowers, Nannie G. Stowers, R. F. Robinett and Fannie Robinett v. Lula May Dutton and E. C. Dutton.

November 16, 1933.

Present, Campbell, C. J., and Holt, Epes, Gregory and Browning, JJ.

The opinion states the case.

*N. Clarence Smith,* for the plaintiffs in error.

*J. Powell Royall* and *James W. Harman,* for the defendants in error.

BROWNING, J., delivered the opinion of the court.

On November 27, 1929, N. W. Stowers and Nannie G. Stowers, his wife, as joint makers, executed a note, under seal, for the sum of $3,000.00, payable jointly to appellees, Lula May Dutton and E. C. Dutton, her husband, one year after date with interest and ten per cent attorney's fee. This bond was endorsed by R. F. Robinett and Fannie Robinett, brother-in-law and sister of N. W. Stowers. It represented money loaned to N. W. Stowers by Lula May Dutton and E. C. Dutton. It had no connection with the real estate transaction, to be hereinafter referred to, between N. W. Stowers and Lulu May Dutton, through E. C. Dutton, her husband and agent.

When the Duttons were married in 1918, Lula May Dutton was under the age of twenty-one years and her husband, E. C. Dutton, was appointed and qualified as receiver for his wife, who owned large real estate interests in what is known as Burks Garden, in Tazewell county, Virginia. When Mrs. Dutton became of age Mr. Dutton continued to act as her agent with respect to her real estate interests. As far back as the year 1919 Mr. Stowers appears to have been a renter of portions of this real estate, under a verbal contract or agreement made with Lula May Dutton, through her husband, as her agent. In the spring of 1924, after Mrs. Dutton had become of age, E. C. Dutton, as her agent, sold a tract of land belonging to his wife to Mr. Stowers at the price of $32,000.00.

There is a conflict in the evidence as to what the terms of the sale were, but after the preliminary negotiations, Mr. and Mrs. Dutton executed a deed to Mr. Stowers, which called for a $5,000.00 cash payment and the residue in installments covering a period of years. The Duttons claim that it was an unconditional sale. Mr. Stowers maintained that it was a conditional sale, dependent upon his ability to make sale of another tract of land which belonged to his wife and his mother-in-law. Stowers paid $2,000.00 cash and went into possession of the land and made various improvements, consisting of an addition to the residence, fencing, liming, building a silo, etc. He contended that under the agreement, if he were unable to effect the sale of the land in which his wife had an interest, the $2,000.00 was to be paid back to him and he was to be reimbursed for the improvements mentioned. The deed from the Duttons to Stowers was never delivered. The contention of the Duttons was that the delivery of the deed was not to take place until the $5,000.00 cash payment was completed. The transaction was never closed and it eventually fell through and Stowers was thereafter dealt with as a renter of the land. Mrs. Dutton repossessed the land in December, 1931, and the Stowers moved off.

On February 25, 1932, Lula May Dutton and E. C. Dutton instituted this suit against N. W. Stowers and Nannie G. Stowers, as joint makers, and R. F. Robinett and Fannie Robinett, endorsers, for the collection of the $3,000.00 bond above mentioned, which was payable jointly to the plaintiffs.

In August, 1932, the makers filed their joint plea of set-off, as a defense to the claim asserted, averring that Lula May Dutton and her husband, E. C. Dutton, were indebted to them in the sum of $4,143.30, which consisted of the $2,000.00, which Stowers had paid in cash on his purchase of the land, and his charges for the improvements made thereon by him, with the exception of a negligible sum.

$29.00, which was the value of two hogs which Stowers had sold to the Duttons.

A motion was made by the plaintiffs to strike out the plea of offset, and other pleas as being illegal and improper, which the court overruled, stating that it would consider the same after receiving the verdict of the jury. It is unnecessary to further consider this phase of the case.

The jury returned a verdict in favor of N. W. Stowers, against both of the plaintiffs, for the sum of $521.47. Subsequently the court sustained the plaintiffs' motion to set aside the verdict and entered judgment in favor of the plaintiffs for the full amount of the bond sued on, with interest, attorney's fees and costs, but it was expressly stipulated in the order of the court that its action was without prejudice to Stowers to thereafter institute such further actions against the Duttons, or either of them, for the collection of his claim of offset as he might be advised.

The record is quite voluminous and the evidence conflicting and we shall not notice further the facts, except to the extent that they bear upon the question of law which, we think, is controlling.

It is patent that Mr. Stowers knew that the land which was the subject of his purchase was owned by Lula May Dutton and that the lands which he rented belonged to her. It is equally clear that Mr. Dutton's connection with his wife's property was that of agent; that he was not acting individually or on his own account, but for a disclosed and known principal. This is clear from the testimony of Mrs. Dutton and Mr. Stowers.

It is equally plain that the bond sued on represented money which Mr. and Mrs. Dutton loaned to Mr. Stowers. The question, then, with which we are confronted is whether or not E. C. Dutton is liable to Stowers for the amount of offsets claimed, which had only to do with Mrs. Dutton's individual property.

We must answer the question in the negative. The de-

fendants maintain that under section 6144 of the Code the offsets were legal and proper. In our opinion the provisions of the section invoked are inapplicable. There is no question in the case in judgment of principal and surety. The requisite of mutuality as to the offsets impleaded is lacking.

"In an action of debt on a bond in which a husband and wife are jointly interested, a debt due by the husband alone cannot be used as a set-off. It is a general rule that debts which are not mutual cannot be set off at law, nor in equity." *Glazebrook* v. *Ragland,* 8 Gratt. (49 Va.) 332. See, also, *Nolting* v. *National Bank,* 99 Va. 54, 37 S. E. 804.

We do not think that the claims of Stowers constituted legal and proper offsets to be asserted in this suit. We think the judgment of the court was right and it is, therefore, affirmed.

*Affirmed.*