## SHANNON v. SUTHERLAND et al.
### No. 3689.

Circuit Court of Appeals, Fourth Circuit.

Jan. 8, 1935.

F. L. Willcox, of Florence, S. C. (Willcox, Hardee & Wallace, of Florence, S. C., on the brief), for appellant.

D. E. Ellerbe, of Florence, S. C., for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This suit was instituted against the receiver of an insolvent national bank asking that the deposit balance of complainant be set off against his liability on a note upon which he appeared as an indorser. This note was a renewal of one that had been executed by complainant and five other persons to obtain a loan used in the purchase of a tract of land, which had been deeded to two of them as trustees for themselves and the others. It had been reduced and renewed from time to time; the last renewal being for the sum of $9,450. The original note and the renewals were signed by the trustees as trustees and were in-

dorsed by all six of the persons interested in the purchase of the property. An agreement among them, signed at the time of the execution of the original note, provided that, upon failure of any one of them to pay his proportionate part of the liability, the interest in the property to which he would otherwise be entitled should belong to the one or ones paying the sum for which he was liable. Two of the parties to the instrument became insolvent and paid nothing. Three of the others have paid three-fourths of the amount due on the note, leaving only the sum of $2,362.50 and interest. The amount of complainant's deposit in the bank at the time of its failure was $2,657.83, an amount more than sufficient to extinguish his liability on the note if applied against same; and the purpose of the suit was to secure this application. The court below denied the set-off, and complainant has appealed.

The matter here involved is not one of procedure but of substantive right; for the remedy of equitable set-off may be enforced independently of the statute governing set-off, where, from the nature of the claim, or from the situation of the parties, it is impossible to obtain justice by plea or cross-action. Knaffle v. Knoxville Banking & Trust Co., 128 Tenn. 181, 159 S. W. 838, 50 L. R. A. (N. S.) 167, 168. Complainant is asking the court, in the exercise of its equitable powers, to set off the amount due him by the insolvent bank against the balance remaining due on the note on which he is indorser, on the ground that that balance is primarily his debt and that it would be inequitable to require him to pay it to the insolvent bank, where it is indebted to him in an amount more than sufficient to offset it. We think that, to the extent that the amount due on the note is primarily the debt of complainant, i. e., to the extent of one-sixth thereof or $1,575 and interest, the position of complainant is sound, and that he is entitled to the set-off as prayed. While all of the parties to the note are jointly and severally liable for the amount remaining due thereon, it is clear that in equity one-sixth of the amount of the note is the primary obligation of complainant and he is ultimately liable for the payment thereof. If he pays this amount, he cannot recover it from any one; whereas, if the other indorsers should be required to pay it, they would have the right to recover it from him. Under such circumstances, we think that he is entitled to be treated in equity as the one

primarily liable on the instrument to the extent of this primary liability and to be granted the right of set-off accordingly.

The right of a depositor in an insolvent bank to set off his deposit against his liability on an instrument upon which he is in fact primarily liable, or is ultimately bound to pay, although not primarily liable, is well recognized. Thus, in the case of accommodation paper, such right of set-off may be asserted by the person accommodated, who is in reality the person bound to pay the debt, even though the accommodation maker may appear upon the face of the instrument as the one primarily liable. Scott v. Armstrong, 146 U. S. 499, 13 S. Ct. 148, 36 L. Ed. 1059; Building & Engineering Co. v. Northern Bank of N. Y., 206 N. Y. 400, 99 N. E. 1044, 1045; Williams v. Rose (D. C.) 218 F. 898. And it may be asserted by an indorser, who is not primarily liable upon the instrument, if the maker is insolvent and the indorser is the one upon whom the burden of payment will ultimately fall. Bryant v. Williams (D. C.) 16 F.(2d) 159, 162; Yardley v. Clothier (C. C.) 49 F. 337, affirmed (C. C. A. 3d) 51 F. 506, 17 L. R. A. 462; Edmondson v. Thomasson, 112 Va. 326, 71 S. E. 536, Ann. Cas. 1913A, 1301, and note; In the Matter of Receiver of Middle District Bank, 1 Paige (N. Y.) 585, 19 Am. Dec. 452; Ex parte Rice, 161 S. C. 77, 159 S. E. 492, 79 A. L. R. 123; 7 C. J. 747; and see notes, 25 A. L. R. 950 et seq.; 82 A. L. R. 670 et seq.; and 50 L. R. A. (N. S.) 167 et seq. On the other hand, the indorser who is only secondarily liable has no right of set-off where he has been indemnified or where the maker is solvent. Bryant v. Williams, supra; Bank of U. S. v. Braverman, 259 N. Y. 65, 181 N. E. 50, 82 A. L. R. 658. And the accommodation maker, who is the person primarily liable on the face of the instrument, is denied set-off, where the accommodated indorser is solvent. Knaffle v. Knoxville Banking & Trust Co., 128 Tenn. 181, 159 S. W. 838, 50 L. R. A. (N. S.) 167. The reason at the basis of these decisions is that the one who is the real debtor of an insolvent bank, or the one upon whom the burden of payment will ultimately fall, should be allowed in equity to set off against his obligation the amount due him by the bank, as only the difference is the amount really due; but that, where the amount of the obligation can be collected from another, set-off should not be allowed, as the effect in such case would be to set

532

off the amount due one person against the real debt of another, and thus to enable the depositor to secure preferential payment of his deposit by collecting the amount of the obligation set off against it from the person primarily liable. See Bank of U. S. v. Braverman, supra, and cases there cited.

■ In the case at bar, as has been stated, the six indorsers were the persons primarily liable on the note. The two trustees signed as makers for the accommodation of themselves and the other indorsers, as was well understood by every one, including the bank. Each of the indorsers was at law jointly and severally liable for the full amount of the note; but in equity the primary obligation of each was for one-sixth of the debt, with a secondary liability for the amounts for which the others were primarily liable. A case very much in point is Davis v. Industrial Mfg. Co., 114 N. C. 321, 19 S. E. 371, 373, 23 L. R. A. 322. In that case a corporation had executed a note which was indorsed by eight of its stockholders. The corporation was insolvent, and the note was held by the receiver of an insolvent bank. In holding that an indorser was entitled to set off his deposits in the bank against what he was ultimately bound to pay on the note, the Supreme Court of North Carolina said: "If it is true that the principal debtor, the Industrial Manufacturing Company, is wholly insolvent, and that the receiver will not be able to collect anything on this note from it, then the true debt of the defendant West to the bank is one-eighth part of the whole amount, and also his proper proportion of what his cosureties fail to pay, and cannot be made, by execution, to pay; and we hold that the receiver should be directed to adjust and settle the said true indebtedness of the defendant West by setting off the same against his aforesaid claims against the bank."

The argument is made that the receiver is legally entitled to proceed against any of the parties to the note, and that other parties against whom he might proceed could not assert the right of set-off claimed by complainant if he should do so. This, however, instead of defeating the equity of complainant, supports it. If the receiver should proceed at law to collect the note from the other indorsers, they could collect from complainant the amount which they might be thus forced to pay, and complainant's right to set off his deposits against what is in reality his debt to the bank would be defeated and he would be without remedy. This a court of equity should not permit. As said by the Court of Appeals of New York in Building & Engineering Co. v. Northern Bank of N. Y., supra, there is nothing in the law relating to negotiable instruments which prevents "the courts from determining, in equity, all questions between an insolvent holder of a note and the one primarily liable for the indebtedness on the instrument as a matter of fact, whether maker or indorser."

■ But, while complainant is entitled to set off his deposits in the bank as against his primary liability on the note, which is one-sixth of $9,450, or $1,575 and interest, a different rule applies as to the difference between this amount and the balance due on the note. This difference is not a part of the primary obligation of complainant, but he is liable for it only because his insolvent associates have failed to pay their proportionate part of the debt. He has been indemnified against loss because of this secondary liability, however, to the extent that he receives under the contract, because of this additional payment, a one-fourth interest in the property instead of a one-sixth. To the extent that he is thus indemnified against loss on this secondary liability, he is not entitled to set off his deposits against the amount that he may be required to pay thereon. Bryant v. Williams (D. C.) 16 F.(2d) 159, 162, supra; Bank of United States v. Braverman, 259 N. Y. 65, 181 N. E. 50, 82 A. L. R. 658, supra; In the Matter of Receiver of Middle District Bank, 1 Paige (N. Y.) 585, 19 Am. Dec. 452, supra. He may set off his deposits against the liability for this one-twelfth of the note only to the extent, if any, that he is not indemnified by the one-twelfth interest in the property which he receives as a result of this additional payment.

For the reasons stated, the decree appealed from will be reversed, and the cause will be remanded for further proceedings in accordance with this opinion.

Reversed and remanded.