# 𝕾taunton

GEORGE W. MULLINS v. AMOS BREEDING, RECEIVER.

September 11, 1936.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning
and Eggleston, JJ.

The opinion states the case.

S. H. & George C. Sutherland, for the appellant.

F. H. Combs, for the appellee.

GREGORY, J., delivered the opinion of the court.

The Bank of Grundy, Incorporated, was in receivership. George W. Mullins, who was the clerk of the Circuit Court of Buchanan county, filed his petition in the receivership proceedings, asking that he be allowed to set off against a note due the bank by himself and wife an amount of $731.67, which was deposited in the bank in two separate accounts. One of these accounts was in the name of George W. Mullins, Clerk, and the other in the name of George W. Mullins, Clerk, Special. The court refused to permit the set-off and it is from a decree of the court carrying this decision into effect that this appeal is prosecuted.

The facts are not controverted and are as follows:

The deposit to the account of George W. Mullins, Clerk, amounting to $373.12, consisted of various items which he had received in his capacity as clerk for the Circuit Court of Buchanan county, including the following: his salary paid him by the board of supervisors, such sums as he collected as his fees as clerk, other sums paid him in the form of taxes for the state and county, and other sums paid him as fees for other officers of the court and accounts due litigants and witnesses. Mullins failed to show what portion of the account of deposit was his own individual property though he

had records which he stated would have disclosed the fact. He failed to produce his records.

In the account of George W. Mullins, Clerk, Special, amounting to $358.55, there was deposited by the petioner as clerk such sums as were paid to him in his official capacity in suits. No portion of this deposit belonged to Mullins.

On the 18th day of May, 1931, the bank ceased to do business and Amos Breeding was appointed receiver. At that time Mullins and his wife owed the bank $3,290, which was evidenced by their note. This note was due and payable.

On the day the bank closed, Mullins deposited funds which he had in his office in another bank, and from this deposit he has paid all sums due to the various parties who had an interest in the two deposits carried in the closed bank. In other words the whole of the two deposits in question now belongs to Mullins and he is claiming that he is entitled to payment of the two accounts in full under the rule of subrogation and therefore the total amount of these accounts should be allowed as set-off against his and Mrs. Mullins' note which the receiver now holds.

Mullins had another account on the day the bank closed in which was deposited the sum of $123.31, and his wife had an account in which was deposited $215. These two accounts were allowed by the court to be set off against their note, because the monies in these two accounts were the personal funds of Mullins and his wife. There is no controversy about these two accounts, but the refusal of the court to allow the accounts standing in the name of George W. Mullins, Clerk, and George W. Mullins, Clerk, Special, to be set off against the individual note of Mullins and his wife is the basis of the main and determinative assignment of error.

The court was of the opinion that the amount due by Mullins and his wife to the bank and the amount due by the bank to Mullins, Clerk, and Clerk, Special, were not mutual obligations and were not due and owing in the same capacity and therefore not eligible for set-off.

The record shows that Mullins has accepted a dividend from the receiver on the two accounts or deposits as a gen-

eral creditor. It also shows that the deposits were acquired by him subsequent to the time the bank was closed. The effect of the payments in full made by Mullins to those who had their money in the two accounts in the bank was to place him in the position they occupied; that is, in the position of a depositor. So we have a case in which a debtor of an insolvent bank has acquired the rights of a depositor after the insolvency of the bank.

We must first view the character of the obligations at the time the bank closed its doors. The amount due by Mullins to the bank was his own personal obligation, while the amount due him by the bank at that time was due him in a representative capacity. The bank deposits were not his personal property but property held by him for others.

Before a set-off is allowed the respective obligations must be mutual and they must be due and owing in the same capacity. Burks' Pleading and Practice (3d Ed.), page 398; *Hampton Roads Fire & Marine Ins. Co.* v. *Coburn Motor Car Co.*, 158 Va. 675, 164 S. E. 723, 84 A. L. R. 731. Applying this rule the court was clearly right in refusing the set-off.

Another applicable and equally well settled principle is that a debtor of an insolvent bank is not allowed to acquire the rights of a depositor subsequent to the insolvency and then assert those rights by way of set-off against his debt due the bank. To permit a set-off under those circumstances would in effect destroy the equality in the distribution of the assets and permit one creditor to be paid in full to the prejudice of the other creditors.

In the early case of *Finney* v. *Bennett*, 68 Va. (27 Gratt.) 365, the bank was closed due to the war between the states and Finney, a debtor of the bank purchased certificates of deposit due by the bank to the holders and then sought to set them off against his debt to the bank, but the court in very strong language at page 375 of the opinion held that he would not be allowed the set-off and that he could not have more than his ratable share of the assets. See also, *Edmondson & Reekes* v. *Thomasson*, 112 Va. 326, 71 S. E. 536, Ann. Cas. 1913A, 1301.

In an annotation in 25 A. L. R., at page 954, the general rule is stated thus:

"It is a general principle that a debtor of the bank who has acquired the rights of a depositor after insolvency cannot set the same off against his indebtedness. *United States Fidelity & G. Co. v. Maxwell* (1922), 152 Ark. 64, 237 S. W. 708; *Alexander v. Peebles* (1915), 144 Ga. 78, 86 S. E. 231; *Stone v. Dodge* (1893), 96 Mich. 514, 56 N. W. 75, 21 L. R. A. 280."

Again, in another later annotation in 82 A. L. R. at page 672, the rule is reiterated and the later cases cited:

"The principle stated in the earlier annotation, that a debtor of a bank who has acquired the rights of a depositor after insolvency cannot set the same off against his indebtedness, finds support in the following more recent decisions: *Sloss v. Taylor* (1931), 182 Ark. 1031, 34 S. W. (2d) 231; *Bank of Anderson v. Allen* (1928), 146 S. C. 167, 143 S. E. 646, 60 A. L. R. 580; *Bank of Anderson v. Majeski* (1929), 149 S. C. 185, 146 S. E. 815 (approving rule). See also, *Meyer v. Hiatt* (1929), 40 Ga. App. 583, 150 S. E. 567, *infra*."

We are of opinion that the decree is right and should be affirmed.

*Affirmed.*