## WILLING v. JENSEN et al.

### No. 19244.

District Court, E. D. Pennsylvania.

Dec. 30, 1936.

Samuel E. Kratzok, of Philadelphia, Pa., for plaintiff.

Saul, Ewing, Remick & Saul, by Earl G. Harrison, all of Philadelphia, Pa., for defendant.

MARIS, District Judge.

This is an action by the receiver of the Sixth National Bank for the amount of a 100 per cent. stock assessment made on 95 shares of the stock of the bank. The defendants filed an affidavit of defense, and the plaintiff has entered a rule for judgment on the ground that the defense therein set up is insufficient. Among the facts admitted by or averred in the affidavit of defense, and which on this

motion must be taken to be true, were the following:

On February 28, 1933, at 3.30 o'clock p. m., the bank suspended payments to depositors in the ordinary course and placed itself on a restricted paying basis as it was authorized to do by an act of Congress. It continued to do business thereafter on a restricted paying basis under the administration of a conservator appointed March 14, 1933, by the Comptroller of the Currency, until September 29, 1934, when the latter official appointed a receiver who took possession of the assets and proceeded to liquidate the bank. The assessment in question was made by the Comptroller of the Currency on November 22, 1934. On September 25, 1931, defendant J. Russell Jensen became the record holder of 95 shares of stock of the bank. He held these shares as nominee of defendant The Pennsylvania Company. These 95 shares had been pledged with defendant The Pennsylvania Company by Frank H. Mancill as collateral security for a loan made by The Pennsylvania Company to him. The stock was pledged about August 1, 1929, and continued at all times to be held as pledged property until March 3, 1933, when it was sold. The transfer of the shares to defendant J. Russell Jensen as nominee of defendant The Pennsylvania Company was for the protection of The Pennsylvania Company as pledgee and was pursuant to the authority of the contract contained in the pledge. The affidavit of defense contains the further averments that the sale of the stock on March 3, 1933, was made without the knowledge of any impending failure of the bank and was a bona fide and public sale. It is also averred therein that the bank "was able to meet and did meet its obligations in due course as permitted by law for a period of at least 60 days after defendants' sale of the said stock."

The plaintiff's action is brought under 12 U.S.C. § 64 (12 U.S.C.A. § 64), which is as follows: "The stockholders of every national banking association shall be held individually responsible for all contracts, debts, and engagements of such association, each to the amount of his stock therein, at the par value thereof in addition to the amount invested in such stock. The stockholders in any national banking association who shall have transferred their shares or registered the transfer thereof within sixty days next before the date of the failure of such association to meet its obligations, or with knowledge of such impending failure, shall be liable to the same extent as if they had made no such transfer, to the extent that the subsequent transferee fails to meet such liability; but this provision shall not be construed to affect in any way any recourse which such shareholders might otherwise have against those in whose names such shares are registered at the time of such failure."

The questions which arise for determination are (1) whether the bank failed to meet its obligations before March 3, 1933, when the defendant sold the stock or within 60 days thereafter, and, if that question is answered in the affirmative, (2) whether defendant Jensen is individually liable for the assessment, although he held the registered title to the shares purely as nominee of The Pennsylvania Company, and (3) whether The Pennsylvania Company is liable for the assessment, although it never held registered title to the shares and its interest therein was purely that of pledgee.

The first question depends for its solution upon the answer to another question; namely, whether the date of the failure of the bank to meet its obligations is disclosed by the admitted facts. We think that it is so disclosed and that the date of the failure was February 28, 1933, because it is admitted that on that date the bank suspended payments to its depositors in the ordinary course and thereafter operated only on a restricted paying basis under the Bank Conservation Act (12 U. S.C. § 201 et seq. [12 U.S.C.A. § 201 et seq.]). Under that act it was the duty of the conservator appointed by the Comptroller of the Currency to take possession of the books, records, and assets of the bank and to take such action as might be necessary to conserve its assets pending further disposition of its business as provided by law. He had under the act all the rights, powers, and privileges possessed by a receiver of an insolvent national bank, and during the time he remained in possession the rights of all parties with respect to the bank were, subject to certain exceptions contained in the act and not here material, the same as if a receiver has been appointed therefor.

It is true that section 206 of the act (12 U.S.C.A. § 206) authorized the conservator to receive deposits (commonly known as unrestricted deposits) which were not subject to any limitation as to

payment or withdrawal, but these deposits were required to be segregated and not used to liquidate any indebtedness of the bank existing at the time that the conservator was appointed. It is thus obvious that the so-called restricted paying basis upon which the bank was admittedly placed after February 28, 1933, was not a paying basis at all so far as concerned the depositors and other creditors whose claims had accrued prior to that date. The effect of the act was merely to authorize the conservator to carry on a new and separate deposit business so as to preserve, if possible, the good will of the institution pending its possible reorganization. We have already noted that the defendants in their affidavit of defense averred that the bank was able to meet, and did meet, its obligations in due course as permitted by law for 60 days after March 3, 1936. This averment becomes meaningless and of no effect so far as this case is concerned, however, when we observe that the law under which the bank was then being operated did not permit it to meet any of its obligations which had accrued prior to February 28th. The bank closed its doors on February 28, 1933, and, so far as its general depositors are concerned, it never reopened them. We think that must be held to be the date on which it failed to meet its obligations within the meaning of the statute. Since the interest of the defendants in the stock did not cease until after that date, it becomes necessary for us to consider the other questions referred to above.

Considering, first, the liability of defendant Jensen, it appears that he was the registered owner of the stock on the books of the bank at the time it failed to meet its obligations. It is true that it also appears that he held the stock only as nominee and not as beneficial owner, but we think that he cannot set this fact up as a defense to the assessment. Having knowingly allowed the bank's records to show him as a shareholder, he is estopped to deny that he is such, as against the creditors of the bank. Kenyon v. Fowler (C.C.A.) 155 F. 107, affirmed per curiam 215 U.S. 593, 30 S.Ct. 409, 54 L.Ed. 341; Schlener v. Davis (C.C.A.) 75 F.(2d) 371, 99 A.L.R. 498, certiorari denied 295 U.S. 744, 55 S.Ct. 656, 79 L.Ed. 1690.

On the other hand, the other defendant, The Pennsylvania Company, never had registered title to the stock. Its only interest therein was as pledgee thereof as collateral security for a loan. There is no averment that it either by registration on the books of the bank or in any other way made any representation that it was the owner. It is, therefore, not liable for the assessment. Anderson v. Philadelphia Warehouse Co., 111 U.S. 479, 4 S.Ct. 525, 28 L.Ed. 478; Robinson v. Southern National Bank, 180 U.S. 295, 21 S.Ct. 383, 45 L.Ed. 536; Rankin v. Fidelity Insurance Trust & Safe Deposit Co., 189 U.S. 242, 23 S.Ct. 553, 47 L.Ed. 792.

The rule for judgment for want of a sen and is discharged as to defendant The lute as against defendant J. Russell Jensen and is discharged as to defendant The Pennsylvania Company for Insurances on Lives and Granting Annuities.