**WILLING v. ARGOSY BUILDING & LOAN ASS'N.**

**No. 19430.**

District Court, E. D. Pennsylvania.

May 18, 1937.

Thomas J. Minnick, Jr., of Philadelphia, Pa., for plaintiff.

Clarence E. Blackburn, of Philadelphia, Pa., for defendant.

MARIS, District Judge.

The plaintiff, who is receiver of the Commercial National Bank, has brought suit upon a note against the defendant, Argosy Building & Loan Association. The case comes before us for consideration upon a rule for judgment for want of a sufficient affidavit of defense. The facts disclosed by the pleadings are these:

On August 18, 1932, the Midvale Avenue Building & Loan Association gave its note to the Commercial National Bank in the sum of $7,500 payable on demand with interest. Thereafter numerous payments were made on account and an offset of $369.84 was allowed which reduced the principal of the note to $315.83, for which sum, with interest, the suit is brought. In January, 1933, the said Midvale Avenue Building & Loan Association and three other associations, Uplift Building & Loan Association, Argosy Building & Loan Association, and Satisfaction Building & Loan Association, by resolutions of their directors and the votes of a majority of their stockholders approved a merger of the four associations; the merged association being designated as Argosy Building & Loan Association. The merger was put into effect on the books of the associations on January 31, 1933, and thereafter the four associations acted as one. The certificate of merger, however, was not filed in the office of the Secretary of the Commonwealth of Pennsylvania or the new letters patent thereon issued by the Governor until June 29, 1933.

On February 28, 1933, the Commercial National Bank of Philadelphia was placed on a restricted basis, and on March 14, 1933, a conservator was appointed for the bank. A receiver was appointed by the Comptroller of the Currency on May 22, 1934, and his successor, appointed June 22, 1934, is the present plaintiff. On February 28, 1933, prior to the time the Commercial National Bank was placed on a restricted basis the Uplift Building & Loan Association had on deposit in the bank the sum of $315.83. The defense is that the

**354**

merger of the four associations in fact took place before that date so that the deposit of $315.83 was in reality the property of the merged association, the defendant in this suit, and should, therefore, be set off against its liability as successor of the Midvale Building & Loan Association upon the note in suit. If the defendant is not entitled to this set-off it offers no other defense and plaintiff is entitled to judgment.

It is clear that as respects the set-off the rights of the parties became fixed at the time of the insolvency of the bank and suspension of payment, Scott v. Armstrong, 146 U.S. 499, 13 S.Ct. 148, 36 L.Ed. 1059; Davis v. Elmira Savings Bank, 161 U.S. 275, 16 S.Ct. 502, 40 L.Ed. 700, and that the right of set-off is governed by the state of things then existing, not by conditions thereafter arising, Yardley v. Philler, 167 U.S. 344, 17 S.Ct. 835, 42 L.Ed. 192, or by any subsequent action taken by any party to the transaction, Old Nat. Bank of Evansville v. German-American Bank of Peoria, 155 U.S. 556, 15 S.Ct. 221, 39 L.Ed. 259; Dakin v. Bayly, 290 U.S. 143, 54 S.Ct. 113, 78 L.Ed. 229, 90 A.L.R. 999. It is we think equally clear that the restriction of the payment of deposits on February 28, 1933, followed by the appointment of a conservator on March 14, 1933, under the Bank Conservation Act (12 U.S.C. §§ 201 to 212 inclusive [12 U.S.C. A. §§ 201–212 inclusive]), was such a suspension of payment as evidenced the insolvency of the bank within the meaning of the rule just stated and, therefore, fixed the defendant's right of set-off. Com. v. United States F. & G. Co., 314 Pa. 140, 170 A. 686, 91 A.L.R. 229; Pestcoe v. Sixth Nat. Bank of Philadelphia, 112 Pa.Super. 373, 171 A. 302; Willing v. Jensen et al. (D.C.) 17 F.Supp. 596.

The defendant's right must, therefore, depend upon its status on February 28, 1933, or at the latest March 14, 1933, when the conservator was appointed. If the merger of the four associations was completed before that time it is conceded that the set-off claimed in the affidavit of defense should be allowed. The case, therefore, comes down to the question whether the merger had then been completed. This necessarily takes us to a consideration of the Pennsylvania statutes regulating the merger of corporations (15 P. S. § 421 et seq.). These, after providing for an agreement to be entered into by the directors of the corporations involved and approved by their shareholders, direct the filing of a certificate together with the agreement of merger in the office of the Secretary of the Commonwealth "who shall forthwith present the same to the Governor for his approval, and when approved by the Governor the said agreement shall be deemed and taken to be the act of consolidation of said corporation." 15 P.S. § 422. They further provide that: "Upon the filing of said certificates and agreement; or copy of the agreement, in the office of the Secretary of the Commonwealth, and upon the issuing of new letters patent thereon by the Governor, the said merger shall be deemed to have taken place, and the said corporations to be one corporation under the name adopted in and by said agreement possessing all the rights, privileges, and franchises theretofore vested in each of them; and all the estate and property, real and personal, and rights of action, of each of said corporations, shall be deemed and taken to be transferred to and vested in the said new corporation, without any further act or deed. \* \* \* But such merger and consolidation shall not be complete, and no such consolidated corporation shall do any business of any kind, until it shall have first obtained from the Governor of the Commonwealth new letters patent." 15 P.S. § 423.

These statutory provisions made it quite clear that the merger of the four associations in question was not complete so as to vest title to the deposit of the Uplift Building & Loan Association in the merged association until the certificate of merger was filed and letters patent issued by the Governor. Until the defendant association did acquire title to that deposit account it was not in position to take advantage of it as a set-off against liabilities due the bank. The letters patent admittedly were not issued until June 29, 1933, however. It follows that title to the bank account in question did not vest in the defendant until that date.

The defendant has strongly urged that the defendant, although not a merged corporation de jure, was one de facto prior to February 28, 1933, and that the plaintiff is estopped from asserting to the contrary. We find no basis for any such claim of estoppel in this case, however, and the authorities cited by the defendant are, therefore, not in point.

The defendant is, therefore, not entitled to the set-off claimed, and since no other defense is interposed it follows that the plaintiff is entitled to judgment.

Rule absolute.