# Staunton

T. C. ELSWICK, ET AL. V. F. H. COMBS, RECEIVER FOR, ETC.

September 9, 1938.

Present, All the Justices.

The opinion states the case.

*S. H. & Geo. C. Sutherland,* for the appellants.

*F. H. Combs,* for the appellee.

EGGLESTON, J., delivered the opinion of the court.

On May 18, 1931, the Bank of Grundy, Incorporated, closed its doors, and since that time its affairs have been in process of liquidation under the supervision of the Circuit Court of Buchanan county, in a chancery suit wherein F. H. Combs was appointed receiver. The institution is insolvent and can not pay its depositors in full. At the time the bank closed, Gusta Elswick, the wife of T. C. Elswick, had on deposit there to her credit the principal sum of $3,520, evidenced by two certificates of deposit.

Among the assets of the bank the receiver holds for collection three notes, each made and signed by T. C. Elswick and endorsed by Gusta Elswick and by B. E. Elswick, their

son. The notes are in the principal sums of $3,500, $581.60, and $100, respectively. They fell due in June and July, 1931. Both T. C. Elswick and Gusta Elswick own property in their respective names and are solvent.

In April, 1936, T. C. Elswick and Gusta Elswick filed their joint petition in the equity suit wherein the affairs of the bank are being liquidated, praying that the deposit in the bank to the credit of Gusta Elswick be set off against the said notes. After depositions had been taken on the petition the trial court entered a decree refusing to allow the set-off prayed for, and from this decree the Elswicks have appealed.

It is well settled that in order to warrant a set-off the debts must be mutual; that is, must be owing between the same parties. *Mullins* v. *Breeden,* 167 Va. 25, 28, 187 S. E. 466; *Stowers* v. *Dutton,* 161 Va. 658, 662, 171 S. E. 510; *Hampton Roads Fire & Marine Ins. Co.* v. *Coburn Motor Car Co.,* 158 Va. 675, 683, 164 S. E. 723, 84 A. L. R. 731; Burks' Pleading and Practice (3d Ed.), sec. 224, p. 398.

This rule applies in Virginia both in law and in equity. *Stowers* v. *Dutton, supra* (161 Va. 658, at p. 662, 171 S. E. 510) ; *Hudson* v. *Kline,* 9 Gratt. (50 Va.) 379, 381; *Morgan* v. *Carson,* 7 Leigh (34 Va.) 238, 241.

Consequently, it is held by the great weight of authority that a deposit by an endorser of a note signed by a solvent maker can not be set off against the endorser's liability on the note. *Edmondson* v. *Thomasson,* 112 Va. 326, 328, 71 S. E. 536, Ann. Cas. 1913A, 1301; *Willing* v. *Binenstock,* 302 U. S. 272, 58 S. Ct. 175, 82 L. Ed. ——, (decided Dec. 6, 1937) ; *Shannon* v. *Sutherland* (C. C. A. 4), 74 F. (2d) 530, 531, 532, 97 A. L. R. 583; *Bank of U. S.* v. *Braverman,* 259 N. Y. 65, 181 N. E. 50, 52, 82 A. L. R. 658; 9 C. J. S., Banks and Banking, sec. 517, p. 992; 7 Am. Jur., sec. 477, pp. 342-3.

The reason for this holding is that when the maker of a note is solvent, the endorser who has had his deposit applied to the payment of the note may indemnify himself by recovering from the maker, and thus receive his deposit in

full. *Edmondson* v. *Thomasson, supra; Shannon* v. *Sutherland, supra; Bank of U. S.* v. *Braverman, supra.*

■ But the appellants say that the rule that an endorser can not set off the amount of his deposit against his liability on the note of a solvent maker is subject to an exception where the maker of the note is an accommodation maker, and the endorser is, in fact, the primary debtor, and the holder of the note has knowledge of the actual relationship between the obligors at the time the note is received and discounted. This is so because the endorser, for whose benefit the note was made, can not recover of the accommodation maker.

This principle was applied in *Building & Engineering Co.* v. *Northern Bank of New York,* 206 N. Y. 400, 99 N. E. 1044. See also, *Shannon* v. *Sutherland, supra; Knaffle* v. *Knoxville Banking & Trust Co.,* 128 Tenn. 181, 159 S. W. 838, 50 L. R. A. (N. S.) 167; 7 Am. Jur., sec. 477, p. 343.*

■■ In 8 Am. Jur., sec. 1106, pp. 660-1, the author says: "Parol evidence is admissible as between the parties and those with notice to show that a comaker of a promissory note, who apparently signed as a principal, was really a surety. It may be shown by parol that this was known to the holders. * * * It is, however, admissible only against holders with notice. If a person signs a note as maker, but is, in fact, a surety, and there is nothing on the face of the note to show his true relation, he will be treated and considered as a principal with respect to all who have no notice of the suretyship." See also, *Cox* v. *Hagan,* 125 Va. 656, 668, 100 S. E. 666; 8 C. J., sec. 105, pp. 69-70.

■ Continuing, the author says (8 Am. Jur., sec. 1106, p. 661): "The provision of the Uniform Act† making the signers of a note primarily liable as makers does not prevent a comaker, who is in fact a surety, from being treated

---

*In *M. R. Johnston Coffee Co.* v. *Page,* 161 Md. 503, 157 A. 297, 82 A. L. R. 662, the Maryland court declined to follow *Building & Engineering Co.* v. *Northern Bank of New York, supra,* and held that an endorser for whose benefit the note had been signed by an accommodation maker could not set off his deposit against the note.

In 82 A. L. R., p. 672, the annotator expresses the view that the New York case is based on the sounder reasoning.

†Code of Va., sections 5753, 5591.

as such in determining his right to set-off against the payee."

See also, *Knaffle* v. *Knoxville Banking & Trust Co., supra; Building & Engineering Co.* v. *Northern Bank of New York, supra; Shannon* v. *Sutherland, supra.*

While T. C. Elswick testified that the $3,500 note represented money which was borrowed from the bank to purchase certain real estate at Elkhorn City, Kentucky, the title to which was taken in the name of Gusta Elswick, and that the funds were used for that purpose, the evidence does not show that the bank knew at the time it received and discounted the note that Gusta Elswick was the primary debtor in the transaction, and that T. C. Elswick was merely the accommodation maker of the note.

The only testimony on the subject comes from T. C. Elswick. It is true that in response to a leading question from his counsel as to whether he told the officer of the bank "what he expected to do with the money," he answered, "Yes." But in explanation of just what he told the officer of the bank, he said: "I told him * * * that we bought some property and had to pay, don't know that I told him just what property it was." Furthermore, he said there was no discussion with the officer of the bank as to "who would make the notes or who would endorse them or anything like that."

There is no evidence that the bank knew that the loan was being obtained for the benefit of Gusta Elswick; that she was the primary debtor in the transaction; that the title to the property was to be taken in her name; or that T. C. Elswick was merely the accommodation maker of the note. Moreover, there is no evidence that the proceeds of the loan were delivered to Gusta Elswick, or deposited in her name. *Cf. Building & Engineering Co.* v. *Northern Bank of New York, supra.* There was nothing in the circumstances to suggest to the bank that the relation of debtor and creditor obtained between Gusta Elswick and her husband in this transaction.

We turn next to the $581.60 note. While there is evidence that the proceeds of this note likewise went into the wife's Elkhorn City property, there is no claim that the bank knew how these funds were to be used, or that Gusta Elswick was the primary debtor with respect thereto.

There is no evidence whatsoever as to the circumstances under which the $100 note was discounted, or how the proceeds were used.

We see, then, that the appellants' evidence fails to show that the bank had knowledge, when it received and discounted the notes in question, that the relationship between the parties was otherwise than as shown on the face of the instruments.

But the appellants next say that the evidence shows that the money on deposit was, in fact, the property of T. C. Elswick, and hence should be set off against the notes.

Gusta Elswick did not take the stand. T. C. Elswick's testimony as to the ownership of the deposit is so conflicting and inconsistent as to have no probative value. At one point he says that he is the sole owner of the money, because it was all derived from his farm. Again, he says that it belongs to his wife and himself jointly, being the fruit of their joint labors or tradings. Finally, he says that at least some part of it is the property of his wife, being the proceeds derived by her from the sale of certain timber standing in her name. The testimony of B. E. Elswick, the only other witness, merely adds to the uncertainty of the ownership of the funds.

In the absence of satisfactory evidence to the contrary, then, the deposit must stand, in accordance with the records of the bank, as the property of Gusta Elswick. *Matthews* v. *Hanson,* 145 Va. 614, 618, 134 S. E. 568.

For the reasons already stated, T. C. Elswick must be treated as the primary debtor on the notes, and Gusta Elswick as merely the endorser.

Since the debts are not mutual, the trial court was right in disallowing the set-off. The decree is

*Affirmed.*