## CIRCUIT COURT OF NOTTOWAY COUNTY

J. L. Mayton
and Shirley C. Mayton

v.

Citizens Bank and Trust Co.
of Blackstone, Virginia

February 13, 1986

By JUDGE OLIVER A. POLLARD, JR.

In this case the Plaintiffs, experiencing marital difficulty, sold their home and the proceeds were deposited in a money market account in Defendant bank, in the names of the respective attorneys of the Plaintiffs, as escrow agents. The funds were to be held until further agreement of the parties or until a Court directed a distribution between the parties.

Defendant Bank subsequently became the assignee of a promissory note, executed by the Plaintiffs, which included right of set-off to withdraw any amounts owed to the Plaintiffs which were due them from any account of any type.

The Plaintiff, J. L. Mayton, filed bankruptcy proceedings, the Trustee electing not to pursue his interest in the account which was exempted from the bankruptcy proceedings. Defendant Bank, thereafter, set-off its claim for the unclaimed balance of the note against the account.

To warrant a set-off, the debts must be mutual, that is, must be owing between the same parties. Plaintiffs argue that the account's signature card, being in the name of their attorneys, controls the disposition of the account, and unless the Bank had knowledge of the Mayton's interest in the account, at the time of the

deposit, there would be no mutuality between the Bank and the Maytons. Plaintiffs cite *Elswick v. Combs*, 171 Va. 112 (1938), as authority for this position; however, a reading of that opinion, indicates that their reliance is misplaced. That opinion holds, basically, that if a person signs a note as maker, but is, in fact, a surety, and there is nothing on the face of the note to show his true relation, he will be treated and considered as a principal with respect to all who had no notice of the suretyship. Therefore, Elswick, maker of the note in question, could not claim he was an accommodation maker and that his wife, who had endorsed the note, was, in fact, the principal, in order that there should be a set-off between the wife's obligation on the note held by the Bank and the account in the bank in the name of the wife.

The Defendant maintains that it is not necessary that it have knowledge of Mayton's interest at the time of deposit and relies on 10 Am. Jur. 2d, *Banks*, Section 667. The text of this Section reflects that "parties in interest, and not mere nominal parties, are usually regarded by the Courts in determining the question as to mutuality of demands." Also in 20 Am. Jur. 2d, *Counterclaims, Recoupment, Etc.*, Section 79, "the rule requiring mutuality of debts or demands to warrant a counterclaim or set-off is usually construed to refer not merely to the nominal plaintiff or defendant, but also to the real parties in interest--it is being held that set-off can be made only against the real party in interest. . ." It would seem that Virginia supports the logic of this text material as can be seen from a reading of *Peoples National Bank v. Coleman*, 175 Va. 483, 9 S.E.2d 333 (1940). In that case the Supreme Court held that when trust funds are deposited with a bank and the bank had notice of their trust character, it had no right to appropriate them to payment of an individual debt of the depositor due from him to it. In the case before us, the bank was aware from the outset that the attorneys were handling the funds in the account for the benefit of someone other than themselves.

Having considered all the circumstances of this case, I cannot help but conclude that the Bank's exercise of its right of set-off in this case was entirely proper.